UNITED STATES, Appellee,

v.

Ernest VARACALLI, Defendant–Appellant.

No. 02–1762.

United States Court of Appeals, Second Circuit.

Jan. 12, 2005.

Jim Brandon, New York, N.Y. (John Jacobs, on brief) (Robert J. Krakow, on supplemental brief), for Appellant.

Daniel Ruzumna, Assistant U.S. Attorney, S.D.N.Y. (James B. Comey, U.S. Attorney and Adam B. Siegel, Assistant U.S. Attorney, on brief) (David N. Kelly, U.S. Attorney, S.D.N.Y., and Daniel Ruzumna, Assistant U.S. Attorney, on supplemental brief), for Appellee.

PRESENT: WINTER, JACOBS, and STRAUB, Circuit Judges.

*SUMMARY ORDER*

Ernest Varacalli appeals from a judgment of conviction entered on December

23, 2002 in the United States District Court for the Southern District of New York (Martin, *J.*), following a seven-day jury trial. On January 12, 2004, we filed a summary order affirming the judgment of the district court. On March 8, the Supreme Court vacated and remanded the case to this Court for further consideration in light of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

1. Whether or not the district court abused its discretion in admitting Varacalli's prior conviction, any such error would have been harmless. *See United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998) (new trial will not be ordered if erroneous admission of Rule 404(b) evidence was " 'unimportant in relation to everything else the jury considered on the issue in question' " (quoting *United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992)). The weight of evidence was such that it is unlikely the prior conviction substantially influenced the jury's verdict.

2. We review for plain error Varacalli's claim that the admission of plea allocutions at his trial violated the Confrontation Clause. *See United States v. Dukagjini,* 326 F.3d 45, 59–61 (2d Cir.2003). The admission of these allocutions was improper. *See Crawford,* 541 U.S. at —, 124 S.Ct. at 1369–72; *United States v. Bruno,* 383 F.3d 65, 78 (2d Cir.2004). However, the Government produced substantial additional evidence at trial on the issues to which the allocutions were relevant; thus, the error does not "seriously affect the fairness, integrity or public reputation of judicial proceedings," and cannot be corrected. *United States v. Olano,* 507 U.S. 725, 736–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quotation omitted).

Because the error does not seriously affect the fairness, integrity or public rep-

utation of judicial proceedings, the outcome is the same no matter which party bears the burden of persuasion on the "substantial rights" prong of the plain error test. *See Bruno,* 383 F.3d at 79 n. 8 (where the error results from a supervening judicial decision, this Court has held that the Government, not the defendant, bears the burden of persuasion on the issue of whether the defendant's substantial rights have been affected).

In his supplemental brief, Varacalli asserts, in one sentence and with no support, that use of a plea allocution at his sentencing violated *Crawford.* As it is not clear "whether, or to what extent, the Confrontation Clause of the Sixth Amendment is implicated at sentencing," *United States v. Fatico,* 579 F.2d 707, 713 (2d Cir.1978), this claim cannot survive plain error review.

3. Varacalli also claims that Rule 403 precluded the admission of his son's redacted plea allocution; however, nothing in the record suggests that the family relationship rendered this evidence unduly prejudicial. Of course, the redacted allocution, when linked with other evidence, might lead one to infer Varacalli's guilt, but this does not *in itself* establish inadmissibility. *See Richardson v. Marsh,* 481 U.S. 200, 208–09, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *United States v. Alvarado,* 882 F.2d 645, 652–53 (2d Cir.1989).

4. While the plea allocutions were inadmissible under *Crawford,* there is no separate error resulting from the limiting instruction regarding proper use of the allocutions. The instruction was not inaccurate, nor did it suggest that Varacalli was involved in criminal conduct other than that charged in the indictment.

5. The supplemental jury instruction regarding venue was neither nonresponsive nor misleading. Trial judges have "considerable discretion in determining how to respond to communications indicat-

ing that the jury is experiencing confusion." *United States v. Parker*, 903 F.2d 91, 101 (2d Cir.1990), *superceded on other grounds, United States v. Vasquez*, 389 F.3d 65, 66–67 (2d Cir.2004). The district court is at liberty to choose language it deems appropriate to instruct the jury so long as its charge "adequately states the law." *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir.1991). The supplemental instruction given here was within the bounds of discretion; it was both accurate and responsive.

6. The calculation of the loss caused by Varacalli's activities is not clearly erroneous. A sentencing court is not required to calculate such loss "with precision." *United States v. Jacobs*, 117 F.3d 82, 95 (2d Cir.1997) (quotation omitted). The district court must make only "a reasonable estimate of the loss." U.S.S.G. § 2F1.1, cmt. 9 (2000). There was sufficient evidence adduced at trial and the sentencing hearing to support the district court's findings as to duration of the conspiracy and the loss amount resulting therefrom. Further, the loss amount was calculated to be over $7 million—well in excess of the $5 million threshold in the applicable sentencing guideline. *See id.* § 2B6.1.

7. In his supplemental brief, Varacalli challenges his sentence under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This Circuit has held that *Blakely* does not apply to the Guidelines "[u]nless and until the Supreme Court rules otherwise." *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir.2004).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, and *United States v. Fanfan*, No. 04–105 (argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider issues pertaining to the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.